**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **REGIONS BANK, as Guardian of the Estate of O.D., a minor,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA, et. al.,**<br><br>**Defendants.** | **Case No. 19-CV-01202-SPM** |

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

The instant lawsuit was originally filed on November 11, 2019; the Guardian[1] of O.D., a minor, alleged that agents of Defendant United States of America and Defendant Touchette Regional Hospital, Inc., were negligent in various aspects of O.D.'s medical care surrounding his birth. (Doc. 1). As part of a settlement, Plaintiff dismissed its claims against Defendant Touchette Regional Hospital, Inc. (*see* Doc. 91), and, after a bench trial, the Court ultimately found in favor of the Government for the remaining claim (*see* Doc. 77). Now pending before the Court is the Government's Bill of Costs (Doc. 79) to which Regions Bank objects (Doc. 81). For the following reasons, Regions Bank's Objection is **OVERRULLED** and the Bill of Costs is **ACCEPTED**.

---

[1] Although O.D.'s parent, Dionne Davis, originally filed suit as his Natural Guardian, this Court granted her Motion to Substitute Regions Bank as Guardian of O.D.'s estate on February 16, 2023. (Doc. 65).

The Government's Bill of Costs seeks reimbursement of $8,333.26 for costs incurred creating deposition and trial transcripts, printing, and record requests for this case. (Doc. 79). Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily, the Clerk of Court taxes costs in favor of the prevailing party on fourteen days' notice. FED. R. CIV. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted – including the indigency of the non-prevailing party. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (citation modified).

"This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*. If the court makes a threshold finding of indigence, it must then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id*. at 635–36.

In this case, Regions Bank objected and represented that O.D.'s estate had "no assets and [could] not pay any costs." (Doc. 81). At the time, however, there was a pending settlement between O.D.'s estate and Defendant Touchette Regional Hospital. (*See* Docs. 34, 87). At a hearing on July 19, 2023, this Court ordered Regions Bank to provide a status report to the Court once the settlement with Touchette Regional Hospital was finalized. (Doc. 87). On February 27, 2026, more than two and a half years later, Regions Bank had still not provided a status report; this Court ordered Regions Bank to file a status report by March 20, 2026. (Doc. 90). On March 20, 2026, Regions Bank informed the Court that the settlement had been completed and paid to O.D.'s estate. (Doc. 91). Regions Bank did not provide any documentation as to when the settlement was consummated, nor has Regions Bank provided sufficient information to allow the Court to rule on the merits of it's Objection to the Bill of Costs. (*See* Docs. 81, 91). Because Regions Bank has not met its burden of providing the Court with sufficient documentation to support a finding that O.D.'s estate is indigent, the Court does not consider the estate of O.D.'s ability to pay costs. *See Rivera*, 469 F.3d at 635.

As to Regions Bank's remaining objections, the Court finds that the Government has provided sufficient detail and documentation to support each of its line items to support its $8,333.26 total.

Accordingly, Regions Bank's Objection (Doc. 81) is **OVERRULED**, and the United States of America's Bill of Costs (Doc. 79) is **ACCEPTED**. The Clerk of Court is **DIRECTED** to tax Regions Bank in the amount of $8,333.26.

**IT IS SO ORDERED.**

**DATED: April 1, 2026**

**/s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**